This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-39305**

**LAURENCIO MONSIVAIS,**

      Worker-Appellant,

v.

**BAKER-HUGHES OILFIELD OPERATIONS and ELECTRIC INSURANCE COMPANY,**

      Employer/Insurer-Appellees.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
Leonard J. Padilla, Workers' Compensation Judge

Jasso & Jasso Law Firm, LLC
Ricardo Jasso
Frank Jasso
Hobbs, NM

for Appellant

Elmore Law, LLC
Christopher T. Elmore
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**HENDERSON, Judge.**

**{1}** Worker Laurencio Monsivais appeals the workers' compensation judge's (WCJ) order denying Worker's motion for reconsideration of the WCJ's earlier order granting summary judgment in favor of Baker-Hughes Oilfield Operations and Insurer Electric Insurance Company (collectively, Employer). Worker argues that the WCJ erred in

denying his motion for reconsideration because (1) under NMSA 1978, Section 52-1-36 (1989), he was prejudiced by Employer's misrepresentations which impacted the timeliness of his claim and (2) the authorized health care provider's (HCP) opinion regarding causation was unreliable and therefore did not satisfy NMSA 1978, Section 52-1-28(B) (1987).[1] We affirm.

**DISCUSSION**

**Standard of Review**

**{2}** To the extent that the denial of Worker's motion for reconsideration is separately reviewable from the underlying judgment,[2] we review that order for an abuse of discretion. *Nance v. L.J. Dolloff Assocs., Inc.*, 2006-NMCA-012, ¶ 23, 138 N.M. 851, 126 P.3d 1215. When our review involves the "interpretation of statutory requirements, we apply a de novo standard of review." *Laughlin v. Convenient Mgmt. Servs., Inc.*, 2013-NMCA-088, ¶ 9, 308 P.3d 992 (internal quotation marks and citation omitted). When we review a WCJ's factual findings, it is under a "whole record standard of review." *Id.* (internal quotation marks and citation omitted).

**I. Employer's Misrepresentation**

**{3}** Worker argues that the WCJ erred in denying his motion to reconsider because Employer's misrepresentation violated Section 52-1-36 and thus prejudiced Worker in establishing his workers' compensation claim. We disagree because Worker misapprehends Section 52-1-36.

**{4}** Section 52-1-36 provides "reasonable time" for the worker to file a complaint or claim if "the conduct of the employer or insurer reasonably led the employee to believe compensation would be paid." *Schultz ex rel. Schultz v. Pojoaque Tribal Police Dep't*, 2013-NMSC-013, ¶ 38, 484 P.3d 954. Worker's claim, however, was not dismissed based on the untimeliness of his notice. Rather, the WCJ granted summary judgment based on the issue of causation. Thus, because the WCJ granted summary judgment on causation rather than timeliness of the notice, Employer's misrepresentations, if any, did not prejudice Worker in filing his claim under Section 52-1-36. Therefore, we find no

---

[1]Worker appears to argue that the WCJ's grant of summary judgment violated the equal protection clause of the United States Constitution, but fails to develop this argument beyond mentioning the Constitution. Therefore, we decline to address this argument. *See Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is not adequately developed.").
[2]Worker appeals only from the denial of the motion for reconsideration entered on September 30, 2020, and not from the underlying order granting summary judgment entered on January 28, 2020. Although our case law casts doubt on a party's ability to separately appeal an order denying a motion to reconsider without also appealing the underlying judgment, this issue was not raised by the parties, so we will not consider it further. *See, e.g., Vill. of Los Ranchos de Albuquerque v. Shiveley*, 1989-NMCA-095, ¶ 15, 110 N.M. 15, 791 P.2d 466 ("To the extent defendants intend to suggest that the denial of a motion for reconsideration is a separate, appealable event, we disagree.").

abuse of discretion in the WCJ denying Worker's motion for reconsideration under Section 52-1-36.

## II.    Causation

**{5}**    Worker argues that Jerried Noseff, CFNP, the only health care provider or expert to testify as to causation, "lacked pertinent information; thus, his opinion cannot satisfy the burden imposed by Section 52-1-28." Therefore, according to Worker, the WCJ could not properly rely on N.P. Noseff's opinion regarding causation when granting summary judgment, and Worker should be allowed to perform additional discovery to enable Worker to provide evidence of causation.

**{6}**    Under Section 52-1-28(B), a worker has the burden to establish that a work-related accident caused their disability when the employer disputes there was a causal connection between the accident and the disability. *Molinar v. Larry Reetz Constr., Ltd.*, 2018-NMCA-011, ¶ 29, 409 P.3d 956. "Causation exists within a reasonable medical probability when a qualified medical expert testifies as to [their] opinion concerning causation and, in the absence of other reasonable causal explanations, it becomes more likely than not that the injury was a result of its action." *Id.* ¶ 28 (internal quotation marks and citation omitted). "The medical expert need not state [their] opinion in positive, dogmatic language or in the exact language of the statute. But [they] must testify in language the sense of which reasonably connotes precisely what the statute categorically requires." *Id.* ¶ 29 (alteration, internal quotation marks, and citation omitted). "The uncontroverted medical evidence rule applies to issues of causation" and "dictates that where expert medical testimony regarding the causal connection between disability and accident in a workers' compensation case is uncontroverted, that testimony is binding on the trier of fact." *Romero v. City of Santa Fe*, 2006-NMCA-055, ¶ 26, 139 N.M. 440, 134 P.3d 131 (internal quotation marks and citation omitted). Lastly, "[e]xpert testimony that fails to speak to the ultimate issue in the case is not afforded substantial weight." *Molinar*, 2018-NMCA-0011, ¶ 30 (internal quotations and citation omitted).

**{7}**    Assuming without deciding that Worker is correct in his assertion that N.P. Noseff lacked pertinent information regarding causation, Worker failed to carry his burden to prove causation because Worker did not provide any expert medical testimony as required by Section 52-1-28(B) in response to the motion for summary judgment. In his motion for reconsideration, Worker argued that N.P. Noseff made referrals to multiple out-of-state HCPs for treatment of Worker's alleged work injury. Worker requested "an opportunity to depose these additional authorized health[ ]care providers to establish [a] causal connection" between his disability and his alleged work-related injury. Along with his motion for reconsideration, Worker submitted medical records from the out-of-state HCPs. In denying Worker's motion for reconsideration, the WCJ found that N.P. Noseff had referred Worker to the out-of-state HCPs, except for Laser Spine Institute, which the WCJ found Worker had selected on his own. The WCJ concluded that the out-of-state HCPs were not "authorized HCPs" because Worker failed to obtain approval from the Workers' Compensation Administration Director for out-of-state HCPs, as required

by 11.4.7.10(A) NMAC. The WCJ also stated that even if he were to "consider the medical records provided by Worker, the records do not establish causation between Worker's injury and an on-the-job accident."

{8}     This Court has previously answered the question of whether the Workers' Compensation Act "prohibit[s] [Worker] from proving causation by testimony of a[n] [out-of-state] physician not licensed to practice in New Mexico." *Coslett v. Third St. Grocery*, 1994-NMCA-046, ¶ 2, 117 N.M. 727, 876 P.2d 656. In *Coslett*, this Court held that an out-of-state physician that treats a worker "may provide the expert causation testimony required by Section 52-1-28(B)." *Id.* ¶ 19. However, although our review of the record shows a form letter from Dr. Mannas—an out-of-state HCP—that opines Worker's condition is causally related to his on-the-job injury, Worker did not present this evidence until he attached it as an exhibit to his motion for reconsideration. This form letter was signed by Dr. Mannas on July 28, 2020, even though Worker was treated by Dr. Mannas between May 8, 2019, and July 26, 2019. Worker filed his response to Employer's motion for summary judgment on December 23, 2019. Therefore, Dr. Mannas's opinion as to causation would have been available to Worker prior to filing his response to Employer's motion for summary judgment.

{9}     We have previously "upheld the district court's denial of a motion to reconsider summary judgment where the party opposing summary judgment presented evidence for the first time in a motion to reconsider even though the evidence was available at the time the party filed its response to the motion." *Wilde v. Westland Dev. Co.*, 2010-NMCA-085, ¶ 35, 148 N.M. 627, 241 P.3d 628 (referring to *Nance*, 2006-NMCA-012, ¶ 24); *see also Deaton v. Gutierrez*, 2004-NMCA-043, ¶ 9, 135 N.M. 423, 89 P.3d 672 (affirming the district court's refusal to consider documents that were not previously submitted but were filed in connection with a motion for reconsideration when there was no evidence of excusable neglect). Therefore, we hold that the WCJ did not abuse its discretion when denying Worker's motion for reconsideration as the evidence was available prior to the motion for summary judgment.

**CONCLUSION**

{10}    For the above reasons, we affirm.

{11}    **IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**ZACHARY A. IVES, Judge**